**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

BEATRIZ ORGANIZ PINEDA,

Petitioner,

v.

SERGIO ALBARRAN, et al.,

Respondents.

No. 1:26-cv-02406-JLT-FJS

A-Number: 200-155-885

ORDER REQUIRING SUPPLEMENTAL BRIEFING REGARDING AN AUTOMATIC STAY PURSUANT TO 8 C.F.R. § 1003.19(i)(2)

Beatriz Organiz Pineda is an immigration detainee proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. On June 25, 2026, Petitioner filed a motion for a temporary restraining order, informing the Court that on June 10, 2026, an Immigration Judge had granted Petitioner's withholding of removal and ordered her released. (Doc. 10 at 2; Doc. 10-2, Order of the Immigration Judge.) Despite the IJ ordering her release, Petitioner contends that Respondents continue to detain her and that emergency relief in the form of immediate release is necessary to prevent ongoing irreparable injury. (Doc. 10 at 2.)

On June 30, 2026, the Court issued a Minute Order ordering Respondents to articulate any grounds for continuing to detain Petitioner. (Doc. 11.) On July 8, 2026, Respondents responded to the Minute Order, asserting only that Petitioner is subject mandatory detention under 8 U.S.C. § 1225(b)(2) because "the Department of Homeland Security ("DHS") reserved appeal from the

Immigration Judge's June 10, 2026 decision." (Doc. 12 at 1.) However, Respondents provide no statutory basis for this proposition. It appears that Respondents may be invoking DHS' right to automatically stay an IJ's bond decision pending review by the Board of Immigration Appeals ("BIA"). *See* 8 C.F.R. § 1003.19(i)(2) ("In any case in which DHS has determined that an alien should not be released or has set a bond of $10,000 or more, any order of the immigration judge authorizing release (on bond or otherwise) shall be stayed upon DHS's filing of a notice of intent to appeal the custody redetermination").

The Court finds the following excerpt from *Herrera v. Knight*, 798 F. Supp. 3d 1184 (D. Nev. 2025) instructive as to DHS' procedural obligations when invoking the automatic stay provision at 8 C.F.R. § 1003.19(i)(2):

> In 2006, the [Executive Officer of Immigration Review] EOIR promulgated the final and current rule, which added the requirement that any decision to invoke the automatic stay must be made by the Secretary of DHS, who must certify that sufficient factual and legal bases exist to justify continued detention ("the Certification Requirement"), which was added "to allay possible concerns that in some case the automatic stay might be invoked ... without an adequate factual or legal basis." S*ee Executive Office for Immigration Review, Review of Custody Determination*, 71 Fed. Reg. 57873, 57876 (Oct. 2, 2006); 8 C.F.R. § 1003.6(c). The Rule also imposed some limitations by providing that the automatic stay will lapse 90 days after filing the bond appeal if the BIA has not acted, unless DHS seeks a discretionary stay pursuant [to] 8 C.F.R. § 1003.19(i)(1), which requires approval from the BIA. *See* 8 C.F.R. § 1003.6(c)(4). The regulation also sets forth a procedure by which DHS may request an emergency stay of an IJ's custody determination from the BIA, which initiates expedited preliminary review by the BIA to determine whether a stay is warranted based on the individual circumstances of the detainee and the merits of DHS's appeal. *See* 8 C.F.R. § 1003.19(i)(1).

*Herrera,* 798 F. Supp. 3d 1184, at 1192. Thus, the Court **ORDERS**:

1. Thus, **<u>within seven days of the date of this order</u>**, Respondents **SHALL** file a brief detaining their authority to invoke the automatic stay provision at 8 C.F.R. § 1003.19(i)(2) and provide the Court with evidence of Respondents attempts to abide by any of the aforementioned procedures in continuing Petitioner's detention.

///

2. **<u>Within seven days</u>** of Respondents filing, Petitioner may file a response.

IT IS SO ORDERED.

Dated: _July 24, 2026_

UNITED STATES DISTRICT JUDGE