**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BEATRIZ ORGANIZ PINEDA, | Case No. 1:26-cv-02406-JLT-FJS |
| Petitioner, | A-Number: 249-260-662 |
| v. | ORDER DENYING PETITIONER'S TEMPORARY RESTRAINING ORDER AS MOOT; ORDER WITHDRAWING THE REFERENCE OF THIS MATTER TO THE MAGISTRATE JUDGE; GRANTING PETITION FOR WRIT OF HABEAS CORPUS IN PART; AND DIRECTING RESPONDENTS TO PROVIDE A SUBSTANTIVE BOND HEARING |
| WARDEN, GOLDEN STATE ANNEX DETENTION FACILITY, et al., | |
| Respondents. | |
| | (Doc. 1) |

Before the Court is Beatriz Organiz Pineda's request for a temporary restraining order (Doc. 10), filed in conjunction with her petition for a writ of habeas corpus brought under 28 U.S.C. § 2241 challenging her ongoing immigration detention. (Doc. 1.) The government filed an opposition to the TRO (Doc. 12) and a motion to dismiss the petition (Doc. 9), asserting that Petitioner is subject to the mandatory pre-order detention statute, 8 U.S.C. § 1225(b). The habeas petition was initially referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. In the interest of justice and to promote judicial efficiency, the undersigned hereby withdraws that reference, and for the reasons set forth below, the Court **DENIES** the TRO (Doc. 12) as **MOOT**[1] and **GRANTS IN PART** the petition for writ of habeas

---

[1] On June 25, 2026, Petitioner filed the instant TRO, asserting that she is entitled to immediate release following an

corpus. (Doc. 1).

## I.    LEGAL STANDARD

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A.A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

## II.    FACTUAL BACKGROUND

Petitioner is from Mexico. She entered the United States at an unknown date or place and was not encountered by immigration authorities. (Doc. 9-1 at 2.) On April 20, 2012, ICE officers encountered Petitioner at the Orange County Jail following an arrest for violating (1) California Penal Code § 273.5(A) – Corporal Injury of a Spouse, (2) § 240 – Assault, (3) § 549 – Malicious Mischief, and (4) § 594(A) – Vandalism. (*Id.*; *see also* Doc. 9-3, FBI "RAP" Sheet.) On that same day, ICE served Petitioner with a Notice to Appear on April 27, 2012, and was charged as removable pursuant to § 212(a)(6)(A)(i) of the Immigration and Nationality Act. (Doc. 1-4 at 2-3.) On April 26, 2012, California Superior Court of Fullerton convicted Petitioner for Battery (242 PC) and sentence her to 18 days jail time with 3 years' probation. (Doc. 9-1 at 3; *see also* Doc. 9-3, FBI "RAP" Sheet.) On May 7, 2012, an Immigration Judge granted Petitioner bond.

---

Immigration Judge's June 10, 2026 decision. (Doc. 10 at 2.) Petitioner argues that an Immigration Judge granted Petitioner's withholding of removal and ordered Petitioner's release. (*Id.*) Despite this order, Petitioner claims that Respondents have continued to detain her and that her continued detention has become constitutionally unreasonable, and that emergency relief is necessary to prevent ongoing irreparable injury. (*Id.*) As support, Petitioner attached the IJ order granting withholding of removal under INA § 241(b)(3) and "order[ing] the [Petitioner] to be released from custody, pending any appeal in this case." (Doc. 10-2 at 1-4.) On July 31, 2026, Respondents provided the Court with an amended removal order which expressly removed the language directing Petitioner's release from custody pending any appeal. (Doc. 14-1 at 1-4.) As such, the Court finds that Petitioner's TRO is moot, given that only basis for the motion is no longer factually extant. *See Arizonans for Official English v. Arizona*, 520 U.S. 43, 67 (1997) ("To qualify as a case fit for federal-court adjudication, an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed.") (internal citations and quotations omitted). Because the IJ's amended July 6, 2026, order superseded the prior order directing Respondents to release Petitioner from custody, no present controversy exists as to which the Court can grant effective relief regarding Respondents' non-compliance with an IJ's order.

(Doc. 9-1 at 2.)

On January 28, 2015, Petitioner filed a form I-812(D) Consideration of Deferred Action for Childhood Arrival with the United States Citizen and Immigration Services. (*Id.*) On October 1, 2015, USCIS denied Petitioners' DACA application due to her criminal conviction. (*Id.*) On December 1, 2021, Petitioner was convicted in the California Superior Court of Fullerton for Vandalism – Less than $ 400 dollars and sentence her to twelve days jail time. (Doc. 9-1 at 3; *see also* Doc. 9-3, FBI "RAP" Sheet.) She was also convicted of violating California Penal Code § 273a(b) (Child Abuse Without possible GBI or Death) and sentence her to 60 days jail time with four years' probation. (*Id.*) On October 10, 2025, Petitioner reported to the ICE Santa Ana sub-office as instructed on a I-340 demand letter mailed on September 24, 2025, and was taken into custody. (Doc. 9-1 at 3.) Petitioner is detained at the California City Detention Facility in California City, California. (Doc. 1 at 6-7, ¶ 22.)

On March 27, 2026, Petitioner filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, asserting, *inter alia,* that her due process rights have been violated. (Doc. 1 at 18.) Petitioner's sole claim in her habeas petition is that she is a member of the Bond Denial Class certified in *Maldonado Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM (C.D. Cal.) and is therefore entitled to consideration for release on bond under 8 U.S.C. § 1226(a). (*Id.* at 8-9.) On April 27, 2026, Respondents filed a response to the petition, arguing only that Petitioner is an "applicant for admission" who is subject to mandatory detention by ICE under 8 U.S.C. § 1225(b)(2). (Doc. 9 at 1.)

## III.   DISCUSSION

Respondents argue that as an "applicant for admission" under expedited removal procedures set forth at 8 U.S.C. § 1225(b)(2)(A), Petitioner's detention is therefore "mandatory." (Doc. 9 at 1-2; Doc. 14.) Pursuant to *Rodriguez Vazquez v. Bostock*, 2026 WL 2196424 (9th Cir. July 30, 2026), the Court finds that § 1226(a), not § 1225(b)(2)(A), governs Petitioner's detention. *See also*, *J.S.H.M. v. Wofford*, No. 1:25-CV-01309-JLT-SKO (HC) (E.D. Cal. Oct. 16, 2025); *Ortiz Donis v. Chestnut,* No. 1:25-CV-01228-JLT-SAB (HC), 2025 WL 32879514 (E.D. Cal. Oct. 9, 2025); *M.R.R. v. Chestnut*, No. 1:25-CV-01517-JLT (HC), 2025 WL 3265446 (E.D.

Cal. Nov. 24, 2025); *Espinoza v. Kaiser*, No. 1:25-CV-01101 JLT SKO, 2025 WL 2581185 (E.D. Cal. Sept. 5, 2025); *Aguilera v. Albarran*, No. 1:25-CV-01619 JLT SAB, 2025 WL 3485016 (E.D. Cal. Dec. 4, 2025); *Garcia v. Chestnut*, No. 1:25-CV-01907-JLT-CDB, 2025 WL 3771348 (E.D. Cal. Dec. 31, 2025); *Carlos v. Chestnut*, No. 1:26-CV-00007-JLT-SKO (HC), 2026 WL 145889 (E.D. Cal. Jan. 20, 2026). )Moreover, for the reasons articulated in those cases, the Court concludes Petitioner is re-detention without a pre-deprivation hearing violated the Due Process Clause of the Fifth Amendment.

Considering Petitioner's criminal history, the Court finds that the appropriate remedy here is a bond hearing where the government bears the burden of proving that Petitioner now poses a danger to the community or flight risk. For the foregoing reasons, the Court **ORDERS:**

1. The petition for writ of habeas corpus, (Doc. 1), is **GRANTED IN PART** for the reasons stated in the orders cited above;

2. **Within 14 days** of the date of service of this order, unless Petitioner consents to a later date, Respondent **SHALL** provide Petitioner with an individualized bond hearing before an immigration judge that complies with the requirements set forth in *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011), and where "the government must prove by clear and convincing evidence that [Petitioner] is a flight risk or a danger to the community to justify denial of bond," *Id.* at 1203. In the event Petitioner is "determined not to be a danger to the community and not to be so great a flight risk as to require detention without bond," the immigration judge should consider Petitioner's financial circumstances and alternative conditions of release. *Hernandez v. Sessions*, 872 F.3d 976, 1000 (9th Cir. 2017).

3. **At least 72 hours before** the scheduled hearing, Petitioner **SHALL** receive notice of the hearing. Petitioner **SHALL** have the right to be represented by counsel at the hearing, and she **SHALL** be entitled to appear at the hearing. If her counsel has filed an appearance in the immigration proceedings, **at least 72 hours before** the hearing, counsel **SHALL** receive notice of the scheduled hearing.

4.    Respondents **SHALL** provide a copy of this order to the immigration judge presiding over the bond hearing and **SHALL** arrange for the bond hearing to be recorded.

5.    The Clerk of Court is directed to serve the California City Detention Facility in California City, California, with a copy of this Order.

6.    The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated:   August 14, 2026

UNITED STATES DISTRICT JUDGE